# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**YALE L. BALCAR** *et al.*                                                     **PLAINTIFFS**

**v.**                                                    **CIVIL ACTION NO. 3:17CV-P345-TBR**

**KENTUCKY STATE REFORMATORY** *et al.*                                **DEFENDANTS**

## MEMORANDUM OPINION

Two state prisoners at the Kentucky State Reformatory (KSR), Yale L. Balcar and Clarence Russell, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial screening of the complaint pursuant to 28 U.S.C. § 1915A. By Memorandum Opinion and Orders entered October 24 and 25, 2017 (DNs 12 & 13), the Court dismissed Plaintiff Balcar from the action pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a prior Order of this Court and for failure to prosecute. Therefore, the Court will perform its initial review on Plaintiff Russell's claims only. For the reasons that follow, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff Russell sues KSR and also sues, in their individual and official capacities, KSR Warden Aaron Smith and KSR Legal Officer Casey Dowden. The complaint alleges generally that Plaintiff Russell was "Denied Access to Courts." Much of the complaint specifically pertains to Plaintiff Balcar, who has been dismissed from this action. The Court will focus on those parts of the complaint that pertain to both Plaintiffs and only to Plaintiff Russell. The following allegations appear to apply to both Plaintiffs:

> Law Libraries and Legal Assistance is close about 20 days a month her a Kentucky State Reformatory . . . .

> Warden Aaron Smith and Casey Dowden is denied or lack of an adequate library or legal assistance and ledgal copy for Court is frustrated or impeded us from bring claims about our criminal conviction or sentence or about our conditions of confinement. There is a Actual injury her on my case because you cannot get to the Law library for reach and cannot get copy to send to the Court . . . .

The only paragraph specifically to mention Plaintiff Russell is as follows:

> Warden Smith want Balcar to stop all legal help to all inmates and Clarence Russell. Clarence Russell has a criminal case and is protected by the Sixth Amendment right to the effective assistance to legal help and Warden Smith and Guards wont to interference with the legal help Balcar ability to consult for legal help, violate Russell rights. The Court has held that restriction to legal help by a jailhouse lawyer violate the Fourteenth Amendment's Due Process Clause. Also Balcar to Russell has the right to privacy as a Jail house lawyer under the Fourteenth Amendment right of privacy. Warden Smith and Guards cannot searches and read other prisoners legal paper as Clarence Russell that is in Balcar cell. Which they have done. They can search contraband only. Fourth Amendment claim for unreasonable cell searches is when they reads legal paper works.

As relief, Plaintiff Russell seeks compensatory and punitive damages and an injunction to "Immediately arrange the opening of the Law Library 5 Days a weeks and in the morning and afternoon."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district

3

court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Plaintiff Russell generally claims a denial of access to courts. To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d at 391 ("Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). In addition, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (quoting *Lewis v. Casey*, 518 U.S. at 353). "[T]he underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

4

The complaint indicates that Plaintiff Russell "has a criminal case" but fails to specify what claims are being pursued, the stage of the criminal matter (direct appeal or post-conviction), and most importantly, how any claim has been or is being hindered. The complaint fails to allege any actual injury to prior, pending, or future litigation due to "Law Libraries and Legal Assistance [being] close about 20 days a month"; due Defendant Smith's and "Guards[']" alleged "intereference with the legal help Balcar" is providing Plaintiff Russell; or due to any other action or inaction by Defendants. Therefore, Plaintiff Russell fails to state a denial-of-access-to-courts claim.[1]

The other claims that specifically mention Plaintiff Russell are broad legal conclusions lacking in any factual specificity to place Defendants on notice as to the claims against them. For instance, Plaintiff Russell alleges, "The court has held that restriction to legal help by a jailhouse lawyer violation the Fourteenth Amendment's Due Process Clause," but he wholly fails to provide any facts alleging a protected property or liberty interest of which he has been deprived that would require due process protection and, therefore, fails to state a Fourteenth Amendment claim. In addition, Plaintiff Russell mentions that "Warden Smith and Guards" searched Plaintiff Balcar's cell and read Plaintiff Russell's and "other prisoners legal paper." Plaintiff Russell, however, fails to state a constitutional claim because he fails to allege specific facts surrounding this alleged incident; fails to identify what document(s) was read; and,

---

[1] Plaintiffs also filed a motion for preliminary injunctive relief (DN 8) seeking "Right of access to the Courts and free legal copy to the Court." While this motion will be denied as moot in light of the dismissal of the action, the Court nevertheless mentions it here. Plaintiffs claim that "Warden Aaron Smith has Order Casey Dowden . . . to stop making copy of Plaintiffs and other inmates that has No Money on their inmates account at KSR" and that "Without copy of legal paper will cause 'Actual injury; to ours cases or lawsuit. Stoping legal copy because of no money is a KSR policy stopped plaintiff from being able to assert a []nonfrivolous claim.'" Despite a broad and conclusory allegation that an "actual injury" will occur, Plaintiff Russell fails to show how KSR's failure to make copies denies him the ability to file original documents in court, and he fails to identify any past, pending, or future claim that has been or will be frustrated/denied due to lack of copies. For these reasons, Plaintiff Russell fails to state a claim that he has been denied access to courts in is preliminary-injunction motion.

therefore, makes only a legal conclusion that "legal paper" was read. Finally, Plaintiff Russell states that he "has a criminal case and is protected by the Sixth Amendment right to effective assistance to legal help," but he fails to provide facts even suggesting that he is being denied the right to counsel as protected under that amendment.

For all the foregoing reasons, Plaintiff Russell fails to state a claim upon which relief may be granted, and the action will be dismissed by separate Order.

Date:


cc: Plaintiff, *pro se*
    Defendants
4413.005